

FILED
DEC 22 2014

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SOUTH DAKOTA WHEAT GROWERS ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>CHIEF INDUSTRIES, INC., GATEWAY BUILDING SYSTEMS, INC.,<br><br>Defendants. | 1:14-CV-01008-CBK<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND |

## INTRODUCTION

Plaintiff filed and served a complaint in state court against defendants for negligence, breach of contract, breach of warranties, and strict liability arising out of claimed damages occurring when a storage bin at plaintiff's Mellette, South Dakota, facility ruptured, spilling corn on the ground. The bin was manufactured by Chief Industries, Inc. ("Chief") and was installed by Gateway Building Systems, Inc. ("Gateway"). Plaintiff sought over $3.5 million in damages for the costs to repair the bin, damage to the corn, and business interruption.

Chief filed a notice of removal pursuant to 28 U.S.C. §§ 1441(b) based upon diversity of citizenship. Defendants both filed answers and cross claims. Plaintiff subsequently filed a motion to remand to state court on the basis that the removal was not timely and not joined by all defendants.

## DECISION

**I. Consent.**

Plaintiff contends that, pursuant to 28 U.S.C. § 1446(b)(2)(A), the notice of removal is defective because Gateway did not consent in writing to the removal. Section

1446(b)(2)(A) applies only when the "civil action is removed solely under section 1441(a)," which is a removal based upon the fact that the federal district courts would have had original jurisdiction over the action. This matter was removed based upon diversity of citizenship pursuant to § 1441(b). The consent requirement is not applicable. Further, the statute does not mandate that a written consent be filed. Chief represented in its notice of removal that Gateway consents to the removal and Gateway has not indicated otherwise. See Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) (approving consent signed by "some person with authority to act on the defendant's behalf, indicating that the defendant 'has actually consented' to the removal"). The claims of plaintiff as to lack of consent should be rejected.

## II. Timeliness.

28 U.S.C. § 1446 tells us, in part:

> (b) **Requirements; generally**.
>
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2) [Setting forth rules requiring consent from co-defendants and setting for the rules for removal when service is accomplished on multiple defendants at different times.]
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

> (c) **Requirements; removal based on diversity of citizenship**.
>
> (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

At the outset, it should be noted that federal statutes and rules are construed under federal law, absent a plain indication to the contrary. Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 119–20, 103 S.Ct. 986, 995, 74 L.Ed.2d 845 (1983) (superseded by statute on other grounds). However, the timing of the "commencement" of an action removable based upon diversity of citizenship should be construed based upon the law of the state where the action was filed. Federal Courts Jurisdiction and Venue Clarification Act of 2011, 125 Stat. 758, 762 Sec. 104(b) (set forth as a note to 28 U.S.C. § 1332). The district court is required to "resolve all doubts about federal jurisdiction in favor of remand." Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007).

Application of the rules set forth in § 1446 to a particular case sometimes results in a trap for the unwary. A casual reading of any of the many cases interpreting § 1446 leaves one with the distinct impression that the rules change depending upon the state jurisdiction. Apparently entities dealing with the federal rules recognized this problem and § 1446 has been amended several times in an attempt at uniformity in application.

The United States Supreme Court observed in 1999 that "the various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories." Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354, 119 S.Ct. 1322, 1328, 143 L.Ed.2d 448 (1999). "In each of the four categories, the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received." Id.

> First, if the summons and complaint are served together, the 30–day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant

3

> sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. at 354, 119 S.Ct. at 1328-29.

In Murphy Brothers, a case originating out of Alabama where state law requires the summons and complaint to be served together, Michetti Pipe Stringing filed a complaint in state court but did not serve it upon Murphy Brothers. Instead, three days later, the complaint was faxed to one of Murphy's vice-presidents and settlement negotiations ensued. Negotiations ended when Michetti formally served Murphy Brothers. Thirty days after service, but 44 days after receipt of the complaint by fax, Murphy Brothers filed a notice of removal. The Supreme Court determined that the notice of removal was timely filed, rejecting the "receipt rule," which in some instances required the defendant to file a notice of removal prior to the time the defendant became subject to the state's authority by formal service of process. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. at 356, 119 S.Ct. at 1329-30.

In this case, summonses (the type commonly referred to by South Dakota lawyers as "will file summons") were served upon defendants on April 17, 2013, to commence the action prior to the expiration of the statute of limitations. The summons forms did not, of course, state the residency of either defendant and did not, of course, allege an amount in controversy. Under South Dakota law, service of a summons commences an action. SDCL 15-2-30. A copy of the complaint need not be served with the summons (SDCL 15-6-4(b)) and none was served with the summonses in this case. A "courtesy copy" of the complaint (unsigned) was sent to counsel for defendants in advance of mediation on November 12, 2013. The complaint was not formally served until April 9, 2014, and was thereafter filed in the Fifth Judicial Circuit Court, Spink County, on April 16, 2014. Chief served its notice of removal on May 6, 2014.

Under the teaching of Murphy Brothers, the defendants were under the state court's authority as of April 17, 2013, when formally served with the summonses. The furnishing of a "courtesy copy" of the complaint on November 12, 2013, did not constitute receipt, as required by law. It had not been filed and there is no evidence of any intent to require defendants to do anything in response thereto. Its sole purpose was obviously to aid the mediation process. To attempt removal at that time would have interfered with the mediation process. Murphy Brothers did not address the question whether, following service of a summons, the "receipt" of the complaint is the receipt informally by facsimile or otherwise or whether formal service or filing of the complaint is required to start the running of the removal clock. Murphy Brothers' rejection of the "receipt rule" is somewhat ambiguous as applied to a case where the summons and complaint are not served together.

At the time of the Murphy Brothers opinion, 28 U.S.C. § 1446(b) provided, in part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served upon the defendant, whichever is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Section 1446 was amended in 2011, by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, Title I, §§ 103, 104. Section 1446(b) is largely unchanged except that rules applicable to multiple defendant cases were added and the

last sentence concerning the one year period of limitation was moved from § 1446(b) to § 1446(c).

Nationally, over 33,000 cases are removed from state court to federal court every year. Annual Report of the Director: Judicial Business of the United States Courts, Table S-4.3. This would account for the plethora of federal district court cases addressing the issues of removal and remand. In 2013, 20 cases were removed from state court in the District of South Dakota. So far, in 2014, 24 cases have been removed. Despite the number of cases removed annually, I found no Eighth Circuit or South Dakota District Court cases citing Murphy Brothers and neither party cited to any such case. Plaintiff failed to address Murphy Brothers in either of its briefs. Whether Murphy Brothers' holding (that "receipt" of the complaint must be accomplished by formal service) is applicable in South Dakota where the complaint need not be served with the summons has not been addressed, possibly because appeals from orders of remand are limited. 28 U.S.C. § 1447(d).

We continue the analysis in this case by noting the operative language that the notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The House Report to the 1949 amendments to 28 U.S.C. § 1446 explains the inclusion of the term "or otherwise" and provides, in part:

> Subsection (b) of section 1446 of title 28, U.S.C., as revised, has been found to create difficulty in those States, such as New York[1], where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later.
>
> The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed

---

[1] New York law now provides that an action is commenced by the filing of a summons and complaint or a summons with notice, McKinney's C.P.L.R. Rule 304, and if the complaint is not filed with the summons, the summons must contain a notice stating the nature of the action and the relief sought. McKinney's C.P.L.R. Rule 305(b).

6

> until 20 days after the defendant has received a copy of the plaintiff's initial pleading.
>
> This provision, however, without more, would create further difficulty in those States, such as Kentucky[2], where suit is commenced by the filing of the plaintiff's initial pleading and the issuance and service of summons without any requirement that a copy of the pleading be served upon or otherwise furnished to the defendant. Accordingly the first paragraph of the amendment provides that in such cases the petition for removal shall be filed within 20 days after the service of the summons.

PL 81-72, H.R. Rep. No. 81-352 (1949), 1949 U.S.C.C.A.N. 1254, 1268.

The Senate Report further provides, in part:

> Section 83 of the bill as it passed the House makes a major change in the law concerning the removal of cases from State courts to Federal courts. In some States suits are begun by the service of a summons or other process without the necessity of filing any pleading until later. As the section now stands, this places the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about. As said section is herein proposed to be rewritten, a defendant is not required to file his petition for removal until 20 days after he has received (or it has been made available to him) a copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for. It is believed that this will meet the varying conditions of practice in all the States.

P.L. 81-72, S. Rep. 81-303, 1949 U.S.C.C.A.N. 1248, 1253-54.

We know from <u>Murphy Brothers</u> that the term "receipt" means receipt through formal service of process. We know that Congress added the term "or otherwise" to accommodate cases where the complaint was on file but not yet served. In <u>Murphy Brothers</u>, once process was served upon the defendant, the complaint was otherwise available to the defendant by virtue of its being on file. In this case, defendant was provided a possible version of a complaint but the complaint was not filed or served upon

---

[2] Kentucky law now provides that an action is commenced by the filing of the complaint, Baldwin's Kentucky Revised Statutes Ann. CR 3.01. The summons and complaint shall be served together. Baldwin's Kentucky Revised Statutes Ann. CR 4.04(1).

7

defendant. In South Dakota, a complaint is not served (as a matter of law) by mailing, unless it is an amended complaint authorized by law.

Taking Murphy Brothers and the legislative history of the removal statute together, it is clear that, as applied to this case, the time for filing a notice of removal is within 30 days of the service of the complaint upon the defendant. Although served with a summons, defendants would not have known the possible basis for removal because the summons does not set forth the residency of the parties or the amount in controversy. Further, even though an unsigned courtesy copy of the complaint was sent to defendant, it was not yet filed so was not "otherwise" made available to defendant. It was just one version that might or might not be formally used, filed and served. In fact, the final version of the complaint was changed rather extensively.

The result herein is not only consistent with the legislative history of 28 U.S.C. § 1446 and Supreme Court precedent; it makes sense from a practice point of view. Although the summons was served upon each defendant and each defendant was within the state court's jurisdiction, the case was not yet pending in the state court docket. Plaintiff suggests that defendants were required to file a notice of removal and give notice to the state court at a time when no state court action was pending and the time for filing an answer had not started to run. Plaintiff does not suggest what the Spink County Clerk would be expected to do with a notice of removal for a case plaintiff had not yet filed and was therefore not yet pending in the Clerk's docket. It would make no sense from a practice point of view to require removal based upon pre-service and pre-suit receipt of the complaint. Remand under these circumstances would be inconsistent with the statute and would be offensive to fundamental principles of pleading and practice.

### III. One Year Limit.

Plaintiff contends that, notwithstanding any 30 day removal period, a diversity case may not be removed more than one year after service of the initial pleading. Plaintiff contends that the notice of removal is untimely because it was filed more than one year after the state court action commenced. The United States Court of Appeals for the Eighth Circuit has held that "the one-year limitation period modifies only the second

8

paragraph of § 1446(b), and therefore only applies to cases that were not removable to federal court when originally filed. Brown v. Tokio Marine and Fire Ins. Co., 284 F.3d 871, 873 (8th Cir. 2002). The present case was removable when filed in state court.

Plaintiff again seeks a reading of the removal statute that would require defendants to accomplish something prior to filing of the suit in state court. When Congress first adopted the one year removal limitation in 1988, its purpose was:

> To establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

Judicial Improvements and Access to Justice Act, Pub. L. 100-702, § 1016(b)(2)(B), H.R. Rep. 100-889, 1988 U.S.C.C.A.N. 5982, 6032-33. *See also*, House Report to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, H.R. Rep. 112-10, 2011 U.S.C.C.A.N. 576 (the limit "was intended to encourage prompt determination of issues of removal in diversity proceedings, and it sought to avoid the disruption of state court proceedings that might occur when changes in the case made it subject to removal.").

There is no danger of disruption of state court proceedings in this case. There were no state court proceedings to disrupt because plaintiff did not file suit in South Dakota Circuit Court until over one year after the action was "commenced" by the service of the summons. While the service of the summons in 2013 was a protective move to "commence" the action within the statute of limitations, mere service of the summons alone did not operate to begin state court proceedings. The filing of the

9

summonses and complaint did not occur in this case until over a year later. Even if the one year limitation applied, the matter was timely removed within that limitation.

## Conclusion.

In this case, the initial pleading, the document setting forth the claim, was not served upon defendants until April 9, 2014. Removal was timely sought within 30 days thereafter.

## ORDER

Based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to remand, Doc. 16, is denied.

DATED this 22nd day of December, 2014.

BY THE COURT:

*/s/ Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge